IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DENNIS RAY BROOKS, | ) | CIV. NO. 08-00504 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING DEFENDANTS' |
| | ) | MOTION TO DISMISS |
| CLAYTON FRANK, FRANCIS | ) | |
| SEQUEIRA, BENNETT DIAZ, SGT. | ) | |
| ARTHUR CARTER, PATRICK | ) | |
| ESEROMA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Dennis Ray Brooks, a prisoner incarcerated at the Halawa Correctional Facility ("HCF"), alleges that toxic diesel fumes entered his prison cell in the HCF Special Needs Facility ("SNF")on several occasions when the prison tested its emergency generator.  Defendants move to dismiss Brooks's First Amended Complaint, arguing that Brooks failed to fully exhaust his prison administrative remedies regarding these claims before bringing this action.  Defendants also argue that, because Brooks is no longer housed in the SNF, where the emergency generator is located, Brooks's claims for injunctive relief are moot.

Although given notice and the opportunity to file an Opposition, Brooks has not opposed the Motion.  Consequently, Defendants have not filed a reply.  After reviewing the Motion

and the entire record before the court, the court DENIES Defendants' Motion to Dismiss the First Amended Complaint.[1]

## I. BACKGROUND

Brooks claims that, while housed in the SNF, Module A-2, cell #4, he was allegedly exposed to toxic diesel exhaust fumes that entered his cell on February 4, 11, 20, and 25, and March 3, 2008.  On March 5, 2008, Brooks was transferred from his cell in Module A-2, to the Medium Security Special Holding Unit ("SHU").  Brooks alleges that, despite notice of this problem, Defendants took no immediate action to mitigate the fumes, thereby acting with deliberate indifference to his health and safety, in violation of the Eighth Amendment.

Brooks filed a lawsuit regarding these allegations on February 20, 2008.  *See Brooks v. Halawa Corr'l Facility*, Civ. No. 08-00074 JMS-KSC.[2]  That suit was dismissed without prejudice on October 29, 2008, for failure to complete the administrative grievance process regarding these claims before bringing the suit.  *See* Doc. No. 89, Order Granting Defendants' Motion to Dismiss ("October 28 Order").  In the October 28 Order, District

---

[1]This matter is suitable for disposition without a hearing. *See* Local Rule LR7.2(d).

[2]Civil No. 08-00074 was consolidated with *Schoenlein v. Halawa Corr'l Facility,* Civ. No. 08-00073, and *Jones v. Halawa Corr'l Facility*, Civ. No. 08-00073.  All three lawsuits were dismissed for Plaintiffs' failure to exhaust prison administrative remedies.

Judge J. Michael Seabright held that Brooks had "brought" the action, within the meaning of 42 U.S.C. § 1997e(a), on February 12, 2008, the date that he gave his original complaint to a prison official for mailing to the court.  *See* October 28 Order at 6-9.  Because Brooks submitted one grievance before that date, Grievance #132515, and prison officials had not responded to it before that date, Judge Seabright determined that Brooks had not completed the grievance process before commencing the action. *Id.* 13.  Judge Seabright stated, however, that "[Brooks's] grievances concerning allegedly toxic fumes entering [his] cell[] were [ ] exhausted on February 15, 2008, when [he] received notice from [Inmate Grievance Coordinator] Rivera that the prison administration was taking corrective action on [his] claims." *Id.* 12-13.  Judge Seabright then dismissed Brooks's action without prejudice to refiling.  *Id.* at 13.

      Brooks commenced this action on November 6, 2008, asserting the same claims against the same defendants as in Civ. No. 08-00074.  Brooks seeks injunctive relief in the form of either a diversion of the emergency generator's exhaust away from SNF Module A-2, or the housing the emergency generator in its own building away from the prison cells, as well as punitive and compensatory damages.

## II.   LEGAL STANDARD

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion in prisoner cases covered by § 1997e(a) is a mandatory condition to commencing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002).  Exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *McKinney*, 311 F.3d at 1199-00.  All *available remedies* must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *McKinney*, 311 F.3d at 1199 (emphasis added) (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, such as monetary damages, exhaustion is still a prerequisite to bringing suit.  *Id.; Booth v. Churner*, 532 U.S. 731, 741 (2001).  A prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  *Ngo*, 548 U.S. at 90.

Defendants have the burden of raising and proving a prisoner's failure to exhaust. *Jones v. Bock*, 549 U.S. 199 (2007); *see Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2004); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment.  *Wyatt*, 315 F.3d at 1119.  In deciding the motion, the district court may look beyond the pleadings and decide disputed issues of fact.[3]  *Id.* at 1119-20.

Hawaii prisoners' grievances are governed by the Department of Public Safety's ("DPS") Policies and Procedures Manual ("PPM") (1992), § 493.12.03(4.0).  There is a three-step process for exhausting an administrative appeal.  The inmate must submit a grievance at each step, and wait either for a response to that grievance or for the time to expire for receiving a response, before moving to the next step.  *See* PPM § 493.12.03.13-.15.  If the facility fails to timely respond to an inmate's grievance, the inmate may proceed to the next step in the grievance process.  *Id.* § 493.12.03.4.14l.

---

[3] If the court looks beyond the pleadings in deciding a motion to dismiss for failure to exhaust, the court must give the prisoner fair notice of his opportunity to develop a record. *Wyatt*, 315 F.3d at 1120 n.14. Brooks was given such notice.

### III.  DISCUSSION

Defendants argue that, although Brooks filed three Step 1 grievances regarding his allegations, he failed to properly complete any of those grievances through Step 3.  *See* PPM § 493.12.03.13–.15.  Defendants also argue that, because Brooks was transferred on March 4, 2008, from Module A, Quad 2, where the emergency generator was located, to a different part of HCF, Brooks's claims for injunctive relief are moot.

**A.  Brooks's Claims Are Exhausted**

Defendants provide copies of Brooks's grievances and the prison's response:

1. **#132515**, **Step 1**; submitted and received **02/11/08**; Complains diesel fumes entered Brooks's cell on February 6 and 11, 2008. Response **02/14/08**: Informs Brooks that the prison is going to take precautionary measures to ensure the prisoners are not exposed to toxic fumes.  Brooks acknowledged receipt on February 15, 2008.

2. **#145940**, **Step 1**; received **02/26/08**; Complains diesel fumes entered Brooks cell again on February 25, 2008, and reminds prison officials that he was told they would take care of this problem. Response **03/12/08**: Informs Brooks that the purpose of the grievance process is to allow the prison to correct the problem before filing suit, and, because Brooks had already instituted a civil action, stating that his grievance is rendered moot.  "It is now up to the courts to resolve the matter."

3. **#132575 Step 1**; received **03/04/08**; Complains of fumes on 03/03/08. Response **03/04/08**: Informs Brooks that he already filed a Step 1 grievance on 02/25/08, #145940, and the response is not due until 03/17/08.  Explains that Brooks cannot file another grievance about the same issue, if the issue is recurring, that he must allow the prison administration to take proactive action.  Also states that

>Brooks may file litigation over the matter if he is unsatisfied after a Step 3 resolution.

As Judge Seabright explained in the October 28 Order, "once a prisoner has exhausted 'available' remedies, and no further relief is available (that is, if his grievance is upheld at a first or second level, or he is told that his grievance is 'moot' and the grievance process is therefore concluded) then there are no further 'remedies . . . available,' and the prisoner need not further pursue the grievance."  October 28 Order at 12 (*citing Brown*, 422 F.3d at 935).  Judge Seabright held that Brooks's claims were exhausted no later than February 15, 2008, because Brooks received notice on that date that the prison was taking corrective action.  Judge Seabright also found that Brooks's grievances were foreclosed by HCF Inmate Grievance Specialist Linda Rivera's insistence that Brooks's claims were mooted by his resort to litigation.  Judge Seabright reached this conclusion despite the fact that Brooks had arguably failed to complete the grievance process through Step 3.

This court concurs with Judge Seabright's analysis and conclusion regarding Brooks's exhaustion of his administrative remedies.  When prison officials upheld Brooks's first Grievance #132515, Brooks had no further requirement to pursue his grievances.  This interpretation of HCF's grievance process is supported by the DPS's own policies, which state that "if the inmate is not satisfied with the disposition of the

7

complaint/grievance" the inmate may move on to Step 2 within five calendar days.  PPM § 493.12.03.14(d).  It makes no sense to require the inmate to proceed with the grievance process when an inmate is told the matter is being resolved to the inmate's satisfaction.

The clear import of Rivera's insistence that the matter had been addressed, and that, in any event, Brooks's grievance was mooted by his resort to litigation, was that there were no longer any administrative remedies available to Brooks.  These statements indicate that there was no longer any administrative relief available to Brooks, rendering his first grievance exhausted.  If prison officials expect a prisoner to pursue all steps of the grievance process, and intend to rely on a prisoner's failure to do so as a defense in court, they should not inform prisoners that they have no recourse to the grievance process when denying the grievances and appeals.  Brooks exhausted his remedies before commencing this action.

**B.   Brooks's Claims for Injunctive Relief Are Not Moot**

A case or controversy must exist throughout all stages of litigation. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)) (holding that a former prisoner's release from prison rendered his habeas petition moot because there was no longer a case or controversy as required by Article III, § 2 of the Constitution).

If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury [that is] traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot.  *Spencer*, 523 U.S. at 7; *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003) (the court lacks jurisdiction to hear moot cases under Article III); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (holding that when a prisoner seeking injunctive relief from a certain prison's regulations ceases to be housed in that facility, the case or controversy ceases to exist and the matter is moot).

An exception to the mootness doctrine applies to claims that are "capable of repetition, yet evading review."  *Spencer*, 523 U.S. at 18.  To invoke this exception, a plaintiff must make two showings: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining party will be subjected to the same action again."  *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 774 (1978) (citation omitted); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  "A mere speculative possibility of repetition is not sufficient.  There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch

of the mootness exception to be satisfied." *Williams v. Alioto*, 549 F.2d 136, 143 (9th Cir. 1977).

Brooks has not been transferred from HCF; he has only been transferred to a different section of the prison, apparently away from where the emergency generator is housed. The court has not found, and Defendants do not point to, any case law that supports a finding that a prisoner's injunctive relief claims are moot when the prisoner is transferred from one section of a prison to a different section. Prison officials have nearly unfettered discretion to move a prisoner within the prison, for administrative or safety concerns, or for no reason at all. *See Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991) (prisoner has no right to be housed in a less restrictive section of a facility); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983)(prisoner has no right to be housed in a particular state). It is therefore unlikely that transfer within a prison necessarily moots a prisoner's injunctive relief claim.

Moreover, a defendant seeking to dismiss a case on grounds of mootness has "the 'heavy burden of persuad[ing]' the court that the challenged conduct cannot reasonably be expected to" continue or be repeated. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000), *quoting United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968) (alteration in original). A case becomes

Case 1:08-cv-00504-ACK-BMK   Document 30   Filed 05/01/09   Page 11 of 13   PageID #: 118

moot only if "subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189 (internal quotation marks omitted). Defendants provide no guarantee that Brooks will not, or cannot, be rehoused in the SNF Module A, and have not met their burden.[4]

Finally, although Defendants again quote heavily from Judge Seabright's "Order Requiring Clarification," filed on May 8, 2008, in Civil No. 08-00073,[5] they fail to recognize that Judge Seabright explicitly declined to address whether the plaintiff's injunctive relief claims in that action were moot based on his transfer within HCF. *See* Civ. No. 08-00073, Doc.

---

[4] Defendants do not argue and the court does not address whether Brooks's own conduct is or will be the basis for any subsequent transfer to the SNF, Module A. *See City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (no standing where further injury is premised on plaintiff's unlawful conduct); *Armstrong v. Davis*, 275 F.3d 849, 866 (9th Cir. 2001) (finding standing when plaintiffs did not need to engage in unlawful conduct to again become subject to the complained of unlawful practices).

[5] Civil No. 08-00073 was consolidated with Brooks's original action, Civil No. 08-0074, and premised on the same claims presented here: that the SNF's emergency generator emitted toxic diesel fumes into cells located in Module A, on February 4, 11, 20, and 25, and March 3, 2008. Prior to the consolidated actions' dismissal, the court received evidence in opposition to the plaintiff's motion for preliminary injunction conclusively showing that the SNF emergency generator was not emitting toxic fumes into Module A as of March 17, 2008. *See* Civ. No. 08-00073, doc. #31 (Status Report, Preliminary Report on Air Quality Tests) and #44 (Status Report, Report to the Court on Air Quality Testing Performed at Halawa Special Needs Facility). That evidence is not before the court in the present action.

11

#128, dated June 13, 2008, Order Denying Plaintiff Schoenlein's Motion to Reopen Request for Injunction at 16, n.7.  Rather, Judge Seabright held that those claims were moot because "the air quality test results show that there are no toxic fumes emanating from the emergency generator into the cells at HCF High.  Thus, regardless of whether [Plaintiff] is transferred back to HCF High, due to his own prison rules infractions, the prison's otherwise unfettered discretion, or because he is convicted and his custody status dictates placement in HCF High, he will not be subject to the alleged conditions that he complained of in his Requests for Injunction."  Civ. No. 08-00073, *Schoenlein v. Halawa Corr'l Facility*, (Doc. #128 at 16).

      The court finds that, on the present record, Brooks's claims for injunctive relief are not moot.  Whether those claims are moot because the emergency generator has been tested and shown to be properly operating has not been presented.

### IV. CONCLUSION

Brooks's claims are fully exhausted, and Defendants' Motion to Dismiss is **DENIED** as to that issue.  Brooks's claims for injunctive relief are not moot, and Defendants' Motion to Dismiss is **DENIED** as to that issue.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 1, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Brooks v. Frank, et al.*, Civ. No. 08-00504 SOM-BMK; Order Denying Defendants' Motion to Dismiss First Amended Complaint; pro se attys/Orders/DMP/2009/ Brooks 08-504 SOM (MDsm Exh & mootness)