IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREG W. SCHOENLEIN, | ) | CIVIL NO. 08-00503 SOM-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION TO AMEND** |
| vs. | ) | **RULE 16 SCHEDULING ORDER** |
| | ) | |
| CLAYTON FRANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| DENNIS R. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 08-00504 SOM-BMK |
| | ) | |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| OPHERRO JONES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 08-00505 SOM-BMK |
| | ) | |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION TO AMEND RULE 16 SCHEDULING ORDER

Defendants move the court to amend the Rule 16 Scheduling Order, so that they may file a motion for summary judgment. Plaintiffs Jones and Schoenlein objected to the motion. Defendants provide no argument supporting good cause for allowing amendment of the Scheduling Order so close to trial. The Motion is DENIED.

## I. __BACKGROUND__

On July 21, 2009, this court issued a pretrial scheduling order in this prisoner civil rights case pursuant to Federal Rules of Civil Procedure 16. The Scheduling Order provided that all dispositive motions be filed on or before January 12, 2010. Trial is set for May 11, 2010. On January 19, 2010, the docket revealed that no dispositive motions had been filed, and that Plaintiffs had not filed an expert witness disclosure statement. The court thereupon scheduled a status conference for February 19, 2010. Defendants expert witness disclosure was due on February 9, 2010, and was also never filed.

On February 19, 2010, two minutes after the status conference was to begin, Defendants filed a motion to amend the Scheduling Order, so that they could file a motion for summary judgment. In essence, Defendants' motion requests this court to amend the Scheduling Order to allow the proposed motion for summary judgment to be filed, "substantially in the form attached hereto." Motion at 2. The motion for summary judgment attached to Defendants' motion, is, as yet, bereft of citation to case law, relevant portions of the record, affidavits, declarations, or prison records that support Defendants' arguments in favor of granting summary judgment in this case.

2

## II. **LEGAL STANDARD**

The court is normally required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b).  The scheduling order "controls the subsequent course of the action" unless modified by the court. Fed. R. Civ. P. 16(e).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause," but orders "following a final pretrial conference shall be modified only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 Advisory Committee Notes (1983 Amendment); *Id.*  Moreover, carelessness is not compatible with a finding of diligence and offers no reason to grant relief.  *Id.* Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.  *Id.* at 609.

3

### III. **ANALYSIS**

Defendants provide no argument or explanation establishing good cause for their failure to timely file a dispositive motion in this case.  Further, Defendants do not otherwise show diligence in complying with the Scheduling Order, as they do not even address the fact that they also failed to file an expert witness statement, although trial is presently set to begin in less than two months.  Defendants simply argue that their proposed motion for summary judgment "is meritorious and is not interposed for any purposes of delay, but in fact will expedite bringing these cases to a final resolution."  Cregor Dec. ¶ 4.  In effect, Defendants argue it would be more efficient for the court to decide the motion for summary judgment because it could dispose of the case before trial.  On the basis of the proposed motion for summary judgment, however, with its dearth of facts, argument, or legal citation, it is difficult to envision such a result.

Moreover, Plaintiffs Jones and Schoenlein orally opposed Defendants' Motion to Amend the Rule 16 Scheduling Order at the hearing.  Plaintiff Jones's opposition is well taken: if, as has been the case in this action, Plaintiffs are stringently held to the rules, Defendants should be held to the same standard.  The court agrees.  Contrary to Defendants' argument at the hearing, allowing this amendment would, in fact, prejudice

4

Plaintiffs, by forcing them to defend against an untimely motion

for summary judgment and by further delaying trial or other

resolution in this case.  Defendants' Motion to Amend Rule 16

Order and For Leave to File Motion for Summary Judgment is

DENIED.

   IT IS SO ORDERED.

   DATED: HONOLULU, HAWAII, March 19, 2010.



    _/S/ Barry M. Kurren_____
    Barry M. Kurren
    United States Magistrate Judge

*Schoenlein, et al., v. Frank, et al.*, Civ. Nos. 08-00503, 08-00504, 08-00505 SOM-BMK;
ORDER DENYING MOTION TO AMEND RULE 16 SCHEDULING ORDER; prose attys/Non-Disp Ords/dmp/
2010/Schoenlein, Brooks, Jones 08-503, 504, 505 BMK (dny lv amd R16)